■ In the Matter of SANDRA H. GLORIA H., Respondent. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. — Order of the Family Court, New York County, entered December 16, 1980 dismissing the petition of the Commissioner of Social Services requesting that Sandra H., the infant herein, be declared an abandoned and neglected child, is unanimously reversed, on the law, and the matter remanded to the Family Court with direction to determine the issue, without costs. Sandra H., the infant herein, was born at Metropolitan Hospital on July 16, 1980. The mother left the hospital on July 19, 1980, without the child, although the child was medically fit for discharge. The address furnished by the mother at that time was fictitious and, additionally, statements made by the mother to hospital personnel indicated an intention to abandon the child. All endeavors to locate either the mother or the father have proven fruitless. Physical custody of the baby was turned over to the Commissioner of Social Services late in July pursuant to section 398 (subd 2, par [b]) of the Social Services Law. Thereafter, and pursuant to section 398 (subd 2, par [a]) the commissioner brought this proceeding to obtain legal custody of the child. The Family Court dismissed the application. It held that in the circumstances

here indicated, the appropriate proceeding should have been one to terminate parental rights under section 384-b of the Social Services Law so that the infant might be freed for adoption. We can sympathize with the impatience of the Family Court Judge with delays necessarily incident in bringing multiple proceedings to accomplish a single end. Notwithstanding our sympathy, we are constrained to point out that the duties of the commissioner are fixed by law. Section 398 (subd 2, par [a]) of the Social Services Law requires that in the case of an abandoned child he "shall promptly petition the family court to obtain custody of such child". That was what the commissioner here sought to do and the dismissal of the proceeding in order to effect the reasonably quick institution of a proceeding to terminate parental rights frustrated that endeavor. In ordering that the abandonment proceeding continue to judgment on the merits we do not overlook the fact that section 384-b of the Social Services Law, which deals with the termination of parental rights, authorizes such a proceeding where the "parent or parents, whose consent to the adoption of the child would otherwise be required *** abandoned such child for the period of six months immediately prior to the initiation of the proceeding under this section". In this case the period of abandonment has continued for more than nine months. In the event that such proceeding has not yet been brought it would be most appropriate for the commissioner to immediately file a petition looking to the termination of parental rights and either to have it consolidated with the neglect proceedings or to have the two proceedings, in which the proof will be substantially similar, heard together. Concur — Birns, J.P., Sandler, Silverman, Bloom and Fein, JJ.